IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANYA T. GABEL,
      Plaintiff,

-vs-                                Civil Action No. 12-280

CAROLYN W. COLVIN,[1]
COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on August 14, 2008, alleging she had been disabled due to degenerative disk disease, bulging disc, and arthritis lower back since April 1, 2008. (Docket Nos. 6-5, p. 1; 6-6, pp. 2, 6). Administrative Law Judge ("ALJ") Barbara Powell, held a hearing on April 14, 2011. (Docket No. 6-2, pp. 33-63). On April

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

26, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 15-27). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WHETHER THE ALJ ERRED IN EVALUATING THE MEDICAL EVIDENCE OF RECORD**

Plaintiff first argues that the ALJ erred in according the state agency examiner, Robert Estes, M.D., significant weight. (ECF No. 9, pp. 10-11). Specifically, Plaintiff argues that the ALJ should not have given such weight to Dr. Estes because there is no evidence as to his training or specialty. (ECF No. 9, p. 11). In support of this position, Plaintiff cites the agency's Program Operations Manual systems (POMS) POMS: DI 26510.090. *Id.* POMS, however, "lack the force of law and create no judicially-enforceable rights." *Bordes v. Commissioner of*

*Social Sec.*, 235 Fed.Appx. 853, 858, 2007 WL 1454289, 4 (3d Cir. May 18, 2007), *citing, Schweiker v. Hansen,* 450 U.S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (Social Security Administration Claims Manual "has no legal force, and ... does not **bind** the SSA"). The Code of Federal Register, which is binding, provides

> State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled (see § 404.1512(b)(8)).

20 C.F.R. §404.1527(e)(2)(i). Based on the same, there was no need for the ALJ to delve into the training or specialty of Dr. Estes[2] by the ALJ. Thus, the ALJ was required to consider both Dr. Estes report and Dr. Goodrich's report in accordance with the law. Therefore, I find no error in this regard.

Next, Plaintiff argues that the ALJ erred in giving less weight to Dr. Clemente's opinion. (ECF No. 9, pp. 11-12). Dr. Clemente was one of Plaintiff's treating doctors at Westminister Family Medicine. (ECF No. 6-9, pp. 3-4, 37-39; 40-41). Plaintiff raises several issues with the ALJ's treatment of Dr. Clemente's opinions. First, Plaintiff suggests the ALJ erred in failing to give deference to Dr. Clement as her treating physician. (ECF No. 9, p. 11). The amount of weight accorded to a treating physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical

---

[2] Plaintiff later argues that the ALJ failed to obtain evidence as to the medical training and specialty of Dr. Goodrich, another state agency consultant. (ECF No. 9, p. 13). For the reasons set forth above, I find this argument has no merit.

> evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ assigned little weight to Dr. Clemente's opinion regarding Plaintiff's exertional limitations for three reasons: 1) it was not well supported by the medical evidence; 2) it was internally inconsistent; and 3) "apparently Dr. Clemente only considered the claimant's subjective complaints rather than the clinical and objective findings when concluding this opinion." (ECF No. 6-2, p. 25). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *Compare,* ECF No. 6-9, p. 37 *with* ECF No. 6-7, pp. 2-9, 21, 23, 29-31, 33-38; ECF No. 6-8, pp. 54, 61 ; and ECF No. 6-9, pp. 5-6, 18 (for not supported by medical evidence)*. Compare* ECF No. 6-9, p. 37 *with* ECF No. 6-9, pp. 4, 40-41 (for internally inconsistent). Therefore, I find the ALJ did not error in this regard.

Additionally, Plaintiff suggests the ALJ erred in rejecting Dr. Clemente's opinions based on his supposition that Dr. Clemente apparently only considered Plaintiff's subjective complaints when he filled out the exertional limitation form. (ECF No. 9, p. 11). Upon review of the record, I disagree. According to the ALJ, if the opinion is not based on the medical evidence and is internally inconsistent with his own medical records, then the only thing left for his opinion to be based upon is Plaintiff's subjective complaints which he discredited (and Plaintiff did not take issue with). (ECF No. 6-2, pp. 24-25). After a review of the record, as set forth above, I find the ALJ's reasons to be supported by substantial evidence. Therefore, I find that the ALJ did not error in this regard.

Plaintiff further argues that ALJ erred in failing to recontact Dr. Clemente for clarification regarding his opinions to alleviate her concerns. (ECF No. 9, p. 12). For this proposition, Plaintiff cites to SSR 96-5p. *Id.* SSR 96-5p provides that recontact is only necessary when the

opinions are not clear or the medical source provides opinions on issues reserved to the Commissioner. In this case, the ALJ did not find the evidence unclear. Rather, the ALJ found the evidence adequate to make a determination. Based on a review of the record, I agree. Simply because the ALJ found Dr. Clemente's evidence to be internally inconsistent and not well supported by the other evidence of record, it does not mean that the ALJ was require to recontact Dr. Clemente. Recontact was not necessary given the medical evidence in this case. Therefore, I find no error in this regard.

Finally, Plaintiff argues that the ALJ erred in rejecting Dr. Clemente's opinion without identifying contrary evidence of record. (ECF No. 9, pp. 12-13). More specifically, Plaintiff argues that the contrary medical evidence of Dr. Estes and Dr. Goodrich is "outdated." *Id.* As Plaintiff points out, however, the ALJ gave little weight to Dr. Goodrich's opinions because the doctor did not have "the benefit of reviewing reports contained in the current record." (ECF No. 6-2, p. 25). As a result, there can be no error with regard to Dr. Goodrich. With regard to Dr. Estes, the application period alleging disability began on April 1, 2008. Dr. Estes report is from September 29, 2009. (ECF No. 6-8, pp. 29-36). Thus, the report is within the application period and properly considered by the ALJ. Therefore, I find no error by the ALJ in considering Dr. Estes report.

## C. **WHETHER THE ALJ ERRED IN FAILING TO ADOPT A HYPOTHETICAL THAT ACCURATELY REFLECTS PLAINTIFF'S LIMITATIONS**

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairment, more specifically, that the questions failed to include the limitation set forth by Dr. Clemente. (ECF No. 12, pp. 20-21). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir.

1986) (an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own).   As I noted above, the ALJ properly gave little weight to such evidence.   Thus, the record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANYA T. GABEL,                         )
                                        )
        Plaintiff,                )
                                        )
  -vs-                                  )    Civil Action No.  12-280
                                        )
CAROLYN W. COLVIN,[3]                   )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 13th day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.